# United States District Court
## NORTHERN DISTRICT OF CALIFORNIA

E-filing

Lucy Stanley

V.

Fort Bragg Rent-All, Inc.; Holly D. Kuchar; Scott W. Dabel; Mary Dabel, and Does 1 to 10, inclusive

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

**C 07 4303   JL**

TO: (Name and address of defendant)

| Fort Bragg Rent-All, Inc. | Holly D. Kuchar | Scott W. Dabel | Mary Dabel |
|---|---|---|---|
| 18550 N. Hwy 1 | 18550 N. Hwy 1 | 18550 N. Hwy 1 | 18550 N. Hwy. 1 |
| Fort Bragg, CA 95437 | Fort Bragg, CA 95437 | Fort Bragg, CA 95437 | Fort Bragg, CA 95437 |

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Michael G. Miller
Perry, Johnson, Anderson, Miller & Moskowitz, LLP
438 First Street, 4th Floor
Santa Rosa, CA 95401

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Richard W. Wieking
CLERK

/s/ Helen Y. Almacen

(BY) DEPUTY CLERK

AUG 2 1 2007
DATE

JS 44 - CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

**I.(a) PLAINTIFFS**
LUCY STANLEY

**DEFENDANTS**
FORT BRAGG RENT-ALL, INC.; HOLLY D. KUCHAR; SCOTT W. DABEL; MARY DABEL; and DOES 1 to 10, inclusive

E-filing

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** MENDOCINO
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** MENDOCINO
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Michael G. Miller, Perry Law Offices, 438 First Street, 4th Floor, Santa Rosa, CA 95401 707-525-8800

**ATTORNEYS (IF KNOWN)** Teresa A. Cunningham, Gaw Van Male
1000 Main Street, Napa, CA 94559
707-252-9000

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transfered from Another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane | 362 Personal Injury Med Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | 365 Personal Injury Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault Libel & Slander | 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | PROPERTY RIGHTS | 450 Commerce/ICC Rates/etc. |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers Liability | | 640 RR & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine | PERSONAL PROPERTY | 650 Airline Regs | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl Veterans) | 345 Marine Product Liability | 370 Other Fraud | 660 Occupational Safety/Health | 840 Trademark | 480 Consumer Credit |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 371 Truth in Lending | 690 Other | | 490 Cable/Satellite TV |
| 160 Stockholders Suits | 355 Motor Vehicle Product Liability | 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | 810 Selective Service |
| 190 Other Contract | 360 Other Personal Injury | 385 Property Damage Product Liability | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 850 Securities/Commodities/Exchange |
| 195 Contract Product Liability | | | 720 Labor/Mgmt Relations | 862 Black Lung (923) | 875 Customer Challenge 12 USC 3410 |
| 196 Franchise | | | 730 Labor/Mgmt Reporting & Disclosure Act | 863 DIWC/DIWW (405(g)) | 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | 740 Railway Labor Act | 864 SSID Title XVI | 892 Economic Stabilization Act |
| 210 Land Condemnation | 441 Voting | 510 Motion to Vacate Sentence Habeas Corpus: | 790 Other Labor Litigation | 865 RSI (405(g)) | 893 Environmental Matters |
| 220 Foreclosure | [x] 442 Employment | 530 General | 791 Empl.Ret. Inc. Security Act | FEDERAL TAX SUITS | 894 Energy Allocation Act |
| 230 Rent Lease & Ejectment | 443 Housing | 535 Death Penalty | | 870 Taxes (US Plaintiff or Defendant) | 895 Freedom of Information Act |
| 240 Torts to Land | 444 Welfare | 540 Mandamus & Other | | 871 IRS - Third Party 26 USC 7609 | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 245 Tort Product Liability | 440 Other Civil Rights | 550 Civil Rights | | | 950 Constitutionality of State Statutes |
| 290 All Other Real Property | 445 Amer w/ disab - Empl | 555 Prison Condition | | | 890 Other Statutory Actions |
| | 446 Amer w/ disab - Other | | | | |

**VI. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $_____ CHECK YES only if demanded in complaint: JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)**
(PLACE AND "X" IN ONE BOX ONLY)   [x] SAN FRANCISCO/OAKLAND   ☐ SAN JOSE

DATE 
8/20/07

SIGNATURE OF ATTORNEY OF RECORD 

```
MICHAEL G. MILLER (SBN: 136491)
PERRY, JOHNSON, ANDERSON,
MILLER & MOSKOWITZ, LLP
438 First Street, 4th Floor
Santa Rosa, CA 95401
Telephone: (707) 525-8800
Facsimile: (707) 545-8242
```

Attorneys for Plaintiff

ORIGINAL FILED
AUG 21 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

LUCY STANLEY,

    Plaintiff,

vs.

FORT BRAGG RENT-ALL, INC.; HOLLY D. KUCHAR; SCOTT W. DABEL; MARY DABEL, and DOES 1 to 10, inclusive,

    Defendants.

No. C 07 4303    JL

**COMPLAINT FOR DAMAGES**
1.   Discrimination Based on Race (42 USC § 1981);
2.   Discrimination Based on Gender (Title VII of the Civil Rights Act of 1964);
3.   Intentional Infliction of Emotional Distress;
4.   Negligent Infliction of Emotional Distress;
5.   Breach of the Covenant of Good Faith and Fair Dealing
6.   Wrongful Discharge in Violation of Public Policy
7.   Retaliation
8.   Defamation

[42 U.S.C. Sections 1981, 1988; Title VII of The Civil Rights Act of 1964]

**DEMAND FOR JURY TRIAL**

Plaintiff Lucy Stanley alleges as follows:

## JURISDICTION AND VENUE

1.     This is an action brought Pursuant to Title VII of the United States Civil Rights Act of 1964, as amended, Title 42 United States Code Section 2000e et seq., and 42 U.S.C. 1981,

1
**COMPLAINT FOR DAMAGES**

1988 to obtain relief for plaintiff LUCY STANLEY for alleged discrimination in employment against Plaintiff because of Plaintiff's race and gender and to recover damages against Defendants FORT BRAGG RENT-ALL, INC.; HOLLY D. KUCHAR; SCOTT W. DABEL; MARY DABEL, and Does 1 to 10, inclusive, for violation of, and interference with, Plaintiff's constitutional rights to equal protection, guaranteed by the fourteenth amendments to the United States Constitution.

2. The court has jurisdiction over these claims under Title VII pursuant to 28 U.S.C. §1331, and under 42 USC § 1981.

3. Venue lies in this District under 28 U.S.C. §1391(b).

4. The District Court may adjudicate state law claims which are transactionally related to the federal claim under 28 U.S.C. § 1367(a).

## DEMAND FOR JURY TRIAL

5. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands trial by jury in this action for all issues so triable.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Plaintiff has filed timely charges of discrimination, harassment, and retaliation on the basis of sex against defendants with the Department of Fair Employment and Housing, and received her right to sue letter on March 3, 2007. Pursuant to law, a copy of said DFEH complaint was served on March 22, 2007.

## PARTIES

7. Plaintiff Lucy Stanley (hereinafter "STANLEY") is, and at all times mentioned in this Complaint was, an adult citizen of the United States, and a resident of the County of Mendocino.

8. Defendant Fort Bragg Rent-all (Hereinafter "RENT-ALL")is, at all times mentioned in this Complaint, was a corporation licensed to do business and doing business in

the State of California. RENT-ALL is subject to Title VII and 42 USC 1981 in that it is an employer that regularly employs more than 15 people. Defendant Scott W. Dabel (hereinafter "S. DABEL") was RENT-ALL's manager on or about June 2006 through August 2006.

9. Defendant Holly D. Kuchar (hereinafter "KUCHAR") is the Owner and CEO of RENT-ALL.

10. Defendant Mary Dabel (hereinafter "M. DABEL") was the Personnel Manager of RENT-ALL on or about May 2006 to August 2006.

11. STANLEY is ignorant of the true names and capacities of the defendants sued herein as Does 1 through 10, inclusive, and therefore sues these defendants by such fictitious names. STANLEY will amend this Complaint to allege their true names and capacities when ascertained.

12. STANLEY is informed and believes and thereon alleges that at all times herein mentioned each of the defendants was the agent and employee of each of the remaining defendants and, in doing the things herein alleged, was acting within the course and scope of such agency and employment.

## FIRST CAUSE OF ACTION

### RACIAL DISCRIMINATION CLAIM UNDER 42 U.S.C. 1981

13. This is an action for racial discrimination in employment brought pursuant to the Civil Rights Act of 1866, Title 42 United States Code Section 1981, for remedies for employment discrimination on account of race by all defendants. STANLEY alleges that defendant intentionally and purposefully terminated her employment on account of her race. By this action STANLEY seeks all legal and equitable relief to which she may be entitled, including but not limited to: back pay, front pay, compensatory and punitive damages, attorney's fees and costs and prejudgment interest against defendants.

14. STANLEY is a Native American woman.

15. STANLEY is an adult person who resides in the County of Mendocino in the State of California.

16. STANLEY was employed by defendant from 1988 to August 28, 2006.

17. RENT-ALL is a corporation organized and incorporated under the laws of the State of California with its principal place of business in Fort Bragg California, and engaged in the business for renting party supples, equipment, and furniture and set up of parties.

18. On August 28, 2006, defendants terminated STANLEY'S employment as a party draper and counter person.

19. Defendants stated that STANLEY'S termination of employment was due to poor job performance and alleged inappropriate conduct. These reasons are a pretext for discrimination on account of STANLEY'S race.

20. The fact that STANLEY is a Native American was a substantial factor in the defendants' decision to terminate her employment. The facts on which STANLEY bases this conclusion include the fact that S. DABEL on numerous occasion made disparaging comments about Native American people as a group and STANLEY specifically, S. DABEL and M. DABEL'S manufacturing of numerous false complaints against STANLEY, as well as the absence of other Native American workers at the company.

21. As a proximate result of defendants' discriminatory actions against STANLEY, as alleged above, STANLEY has been harmed in that she has suffered the loss of wages, salary, benefits, and additional amounts of money she would have received if she had not been fired.

22. As a further and proximate cause of defendants' discriminatory action against STANLEY, as alleged above, STANLEY has been harmed in that she has suffered the intangible loss of such employment-related opportunities as the continued growth of her knowledge and talent as well as further growing her client base in an amount according to proof.

23. As a further proximate result of defendants' discriminatory action against STANLEY, as alleged above, STANLEY has been harmed in that she has suffered humiliation, mental anguish, emotional distress and has been injured in mind and body. As a result of said discrimination and consequent harm, STANLEY has suffered such damages in an amount according to proof.

24. The above recited actions of defendants in terminating STANLEY were done with malice, fraud oppression, and/or in reckless disregard of her rights under 43 U.S.C. 1981. Specifically, defendants damaged STANLEY'S reputation in the community, fabricated false complaints about her credibility and work.

25. STANLEY alleges on information and belief that RENT-ALL has failed to maintain a racial balance and gender balance amongst its workforce. RENT-ALL has a duty to treat fairly and equally all members of the workforce, regardless to race, color, sex, or age.

## SECOND CAUSE OF ACTION

## GENDER DISCRIMINATION BASED ON TITLE VII

26. STANLEY re-alleges and incorporates by reference the allegations contained in Paragraphs 1-25 above.

27. This is an action brought pursuant to Title VII of the United States Civil Rights Act of 1964, as amended, Title 42 United States Code section 2000e et sq., to obtain relief for STANLEY for discrimination against her because of her sex. STANLEY alleges that she has been terminated on account of her sex, in violation of Title VII of the United States Civil Rights Act of 1964. By this action STANLEY seeks the following relief: monetary relief, including back pay, front pay, compensatory and punitive damages, attorneys fees and costs of suit for said discriminatory termination of STANLEY.

28. RENT-ALL is an employer subject to suit under Title VII in that defendant it is engaged in an industry affecting commerce who has more than 15 employees for each working days of 20 or more calendar weeks in the year of or preceding the filing of this Complaint.

27. In 1988, STANLEY commenced employment at the RENT-ALL. STANLEY'S duties were to run the front counter, buy for the store, work with wedding clients, to drape halls/tents, and decorate when needed. STANLEY earned $6.50 when she started. She received raises throughout her tenure at the RENT-ALL and when she was fired she was earning $12.00 per hour. STANLEY never received a negative performance review or any negative comments in

her work file until July 2006.

28. Defendants terminated STANLEY'S employment on August 28, 2006.

29. At all times mentioned herein, STANLEY was qualified for the position she held at the RENT-ALL in that she received raises throughout her tenure at the RENT-ALL, never receiving a negative performance review or discipline.

30. S. DABEL became STANLEY'S supervisor on or about August 2005.

31. On or about June 2006 KUCHAR went on a short vacation and S. DABEL ran the RENT-ALL while she was gone.

32. Between July 1st and August 4th of 2006, S. DABEL and M. DABEL, manufactured several false complaints about STANLEY.

33. On August 3, 2006, S. DABEL put STANLEY on a 30 day suspension.

34. On August 4, 2006, STANLEY filed two Worker's Compensation claims based on prior injuries she received at work. RENT-ALL had previously requested she not file said claims, which she had honored.

35. On August 4, 2006, STANLEY sent an e-mail to KUCHAR voicing her concerns about the treatment she was receiving from M. DABEL and S. DABEL at the RENT-ALL and concerns about her job.

36. On August 28, 2006, RENT-ALL and its agents terminated STANLEY'S employment because of her sex in violation of Title VII.

37. The fact that STANLEY is a female was a substantial factor in the defendants' decision to terminate her employment.

38. Defendants stated that STANLEY'S termination of employment was due to poor job performance and alleged inappropriate conduct. These reasons were and are a pretext for discrimination on account of STANLEY'S sex and race.

39. STANLEY alleges on information and belief that RENT-ALL has failed to maintain a racial balance and gender balance amongst its workforce. RENT-ALL has a duty to treat fairly and equally all members of the workforce, regardless to race, color, sex, or age.

## THIRD CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## AGAINST ALL DEFENDANTS

40. STANLEY re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 39 above.

41. The intentional acts or omissions of defendants as set forth herein were extreme, outrageous and done with an intentional and/or reckless disregard of the possibility that such actions or omissions would cause STANLEY emotional distress.

42. The intentional acts or omissions of defendants as set forth herein were in contravention of statutes, violated important public policies, and deviated from standards of acceptable conduct and relationships in the workplace.

43. As an actual and proximate result of defendants' intentional acts or omissions, STANLEY has suffered substantial losses incurred in seeking and performing substitute employment and in lost earnings, bonuses and other compensation.

44. As a further actual and proximate result of defendants' intentional acts or omissions, STANLEY has suffered embarrassment, humiliation, mental anguish, depression, loss of self-esteem, situational stress/anxiety, mental anguish, emotional and physical distress, all to her general damage in an amount according to proof.

45. By the foregoing wilful acts and/or omissions, defendants have demonstrated "oppression, fraud, or malice" within the meaning of California Civil Code § 3294. STANLEY is therefore entitled to recover punitive damages against defendants in addition to her actual damages.

## FOURTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## AGAINST ALL DEFENDANTS

46. STANLEY re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 45 above.

**COMPLAINT FOR DAMAGES**

47. At all times herein mentioned, defendants owed STANLEY a duty of care to use ordinary care in the hiring, supervision, training and/or retention of its employees and agents and to prevent its employees, agents and managers from violating its policies and the laws of the State of California, including laws prohibiting race and gender discrimination in the workplace.

48. STANLEY is informed and believes, and thereon alleges that RENT-ALL and each individual defendant failed to use ordinary care in the hiring, supervision, training and/or retention of staff members,

49. As an actual and proximate result of defendants' negligence, STANLEY has incurred special damages in an amount according to proof at trial.

50. As a further actual and proximate result of defendants' negligence, STANLEY has suffered and continues to suffer embarrassment, humiliation, mental anguish, depression, loss of self-esteem, situational stress/anxiety, mental anguish and emotional and physical distress, all to her general damage in an amount according to proof.

## FIFTH CAUSE OF ACTION
## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

51. STANLEY re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 50 above.

52. Just as required in every contract, the employment agreement between STANLEY and RENT-ALL obligated RENT-ALL and all defendants to act in good faith in performing the duties and obligations inherent within it.

53. Defendants breached the good faith and fair dealing covenant inherent in the employment agreement causing STANLEY harm.

54. As a proximate cause of defendant's breach, STANLEY has suffered lost wages, benefits, bonuses and other compensation.

//

## SIXTH CAUSE OF ACTION

## WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

55. STANLEY re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 54 above.

56. STANLEY is a Native American woman, over 40 years of age. She was an employee of long and good standing with ever increasing responsibilities and promotion within the organization.

57. Defendants engaged in a repeated and successful series of actions to paint STANLEY, an older female Native American worker, as undependable, not credible, malicious, and incompetent when, at all times, she was performing her job as she had always performed it, and which defendants acknowledged over her 19 year tenure with wage increases.

58. Article I, Section 8 of the California Constitution states that no person may be disqualified from entering or pursuing a business, profession, or employment on the basis of age declaring a fundamental public policy of this State that employees shall be free from gender, race, and age discrimination in the workplace.

59. California Government Code, section 12940, *et seq.*, states that it shall be an unlawful employment practice for an employer to discriminate in its treatment of employees on the basis of age, gender, or race, declaring a fundamental public policy of this State that employees shall be free from age discrimination in the workplace.

60. California Government Code, section 12940, *et seq.*, states that it shall be an unlawful employment practice for an employer, its agents, employees and supervisors, acting within the course and scope of their employment, to discriminate against an employee on the basis of gender, age, or race.

61. California Government Code, section 12941, states that an employer must take all steps necessary to prevent discrimination from occurring in the workplace, declaring a fundamental public policy of this State that employees are entitled to a workplace free from discrimination.

62. STANLEY asserts herein that these and other rights, embodied in the California

Constitution, public policy, statutes and court decisions, guaranteed to her the right to a workplace free from discrimination and retaliation.

63. RENT-ALL is an employer under the Fair Employment and Housing Act, Government Code Section 12940(d), in that defendant RENT-ALL regularly employs five or more persons.

64. Defendants executed sham complaints for the purpose of denying STANLEY equal opportunity in the workplace because of her gender, age, and race.

65. Defendants discriminated against STANLEY by terminating her on the basis of her gender, age, and race, falsely accusing her of wrongdoing to create sham reasons for her termination.

66. Defendants' discriminatory actions against STANLEY, as alleged above, constituted unlawful discrimination in employment. [Government Code Section 12940 et seq.].

67. STANLEY was a RENT-ALL employee of good standing. No disciplinary action was ever taken against STANLEY prior to her being suspended. STANLEY was performing her job as she had always performed it, and in a way that defendants acknowledged for years as acceptable.

68. STANLEY was terminated because of her gender, age, and race. Similarly situated employees were not terminated.

69. It is a fundamental policy in the State of California that employees be free from unwarranted harassment based on gender, age, or race. Defendants' actions as aforesaid regarding STANLEY were, in truth, motivated by her gender, age, and race. STANLEY'S job performance was always excellent, and the change in defendants' attitude and dealing with her related to her gender, age, and race.

70. As a proximate cause of defendants' discriminatory action, STANLEY has been harmed in that she has suffered the loss of wages, salary, benefits, and additional amounts of money plaintiff would have received if not terminated by defendants.

71. By the foregoing wilful acts and/or omissions defendants have demonstrated

"oppression, fraud or malice" within the meaning of California Civil Code, section 3294. STANLEY is therefore entitled to recover punitive damages against defendants in addition to her actual damages.

## SEVENTH CAUSE OF ACTION

## RETALIATION AGAINST ALL DEFENDANTS

72. STANLEY re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 71 above.

73. As a result of STANLEY'S filing of two Worker's Compensation claims, as well as an e-mail to KUCHAR stating her concerns about what was happening to her at RENT-ALL, she was fired.

74 As an actual and proximate result of defendants' retaliation, STANLEY has suffered embarrassment, humiliation, mental anguish, depression, loss of self-esteem, situational stress/anxiety, mental anguish, emotional and physical distress, all to her general damages in an amount according to proof.

75. By the foregoing wilful acts and/or omissions and the fact that S. DABEL and M. DABEL were managing agents of RENT-ALL, defendants have demonstrated "oppression, fraud or malice" within the meaning of California Civil Code § 2394. STANLEY is therefore entitled to recover punitive damages against defendants in addition to her actual damages.

## EIGHTH CAUSE OF ACTION

## DEFAMATION

## (AGAINST S. DABEL)

76. STANLEY re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 75 above.

77. S. DABEL made statements to other employees of RENT-ALL alleging that STANLEY had called a local business representing herself as Personnel Manager, breaching confidentiality. S. DABEL also told co-workers and other persons in the community that

11
**COMPLAINT FOR DAMAGES**

1  STANLEY had gone into a local business and slandered another co-worker. S. DABEL's
2  contentions were based on multiple levels of hearsay which he failed to investigate or substantiate
3  in any way.
4      78.   Those who heard the statements understood that they were about STANLEY;
5      79.   Those who heard the statements reasonably understood them to mean that
6  STANLEY had breached confidentiality; or otherwise conducted herself in a fashion opposite of
7  and injurious of her character.
8      80.   Defendants failed to use reasonable care to determine the truth or falsity of the
9  statements and thereafter published such statements to others.
10     81.   As a proximate cause of S. DABEL'S conduct, STANLEY'S reputation was
11  damaged and she has suffered embarrassment humiliation, depression, loss of self-esteem,
12  situational stress/anxiety, emotional and physical distress, all to her general damage in an amount
13  according to proof.
14      WHEREFORE, STANLEY prays judgment against defendants as follows:
15      1.   For back pay with pre-judgement interest from 8/3/2006 pursuant to 42 U.S.C.
16  §2000 to the date of judgement herein;
17      2.   For front pay and other monetary relief in an amount according to proof;
18      3.   For compensatory damages, in an amount to be determined according to proof;
19      4.   For general damages in an amount according to proof;
20      5.   For punitive damages in an amount appropriate to punish defendants and deter
21  others from engaging in similar misconduct;
22      6.   For costs of suit, including reasonable attorney and expert fees, pursuant to Title 42
23  United States Code Section 2000e-5(k), Title 42 U.S.C. Section 1988 and other applicable laws;
24      7.   For such other and further relief as this Court may deem just and proper.
25
26  DATED: August 20, 2007
                                    _____
                                    MICHAEL G. MILLER
27                                  Attorney for Plaintiff
                                    LUCY STANLEY
28

## DEMAND FOR JURY TRIAL

Plaintiff Lucy Stanley hereby demands a jury trial.

DATED: August 20, 2007

_____
MICHAEL G. MILLER
Attorney for Plaintiff