TERESA A. CUNNINGHAM (S.B. #136013)
KENNETH G. ENGLISH (S.B. #232968)
GAW, VAN MALE, SMITH, MYERS & MIROGLIO
A Professional Law Corporation
1000 Main Street, 3rd Floor
Napa, California  94559
(707) 252-9000
Fax:  (707) 252-8721
E-mail: tcunningham@gawvanmale.com

Attorneys for Defendants,
FORT BRAGG RENT-ALL, INC., HOLLY D. KUCHAR,
SCOTT W. DABEL and MARY DABEL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCY STANLEY,<br><br>           Plaintiff,<br><br>vs.<br><br>FORT BRAGG RENT-ALL, INC.;<br>HOLLY D.KUCHAR; SCOTT W.<br>DABEL; MARY DABEL, and DOES 1 to<br>10, inclusive,<br><br>           Defendants. | Case No.  C 07 4303<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION OVER THE SUBJECT MATTER AND FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [F.R.C.P. 12(b)(1) & (6)] |

Defendants FORT BRAGG RENT-ALL, INC., HOLLY D. KUCHAR, SCOTT W. DABEL and MARY DABEL("Defendants") submit the following memorandum of points and authorities in support of their motion to dismiss for lack of jurisdiction over the subject matter and for failure to state a claim upon which relief can be granted. *See* Fed.R.Civ.Pro. 12(b)(1) and (6).

This motion to dismiss for lack of jurisdiction over the subject matter is based on the grounds that the Plaintiff's allegations under Federal statutes are deficient and fail to properly invoke the subject matter jurisdiction of this Court.

The motion to dismiss for failure to state a claim upon which relief can be granted is based on the grounds that, even if viewed in the most favorable light, Plaintiff's Complaint fails to articulate a claim on which this Court may grant relief.

**Points and Authorities in Support of Motion to Dismiss**

# I.

## INTRODUCTION

Defendant Fort Bragg Rent-All had employed plaintiff Lucy Stanley ("Stanley") for nearly eighteen years as an at-will employee, mainly employed as a "draper." Stanley's employment history with Fort-Bragg Rent-All is mixed, to say the least, and her performance was erratic. On August 28, 2006, Stanley's employment was terminated. On March 2, 2007, Stanley filed a complaint with the California Department of Fair Employment and Housing. On March 3, 2007, the DFEH issued Stanley a right-to-sue notice and closed the case. On August 21, 2007, Stanley filed a Complaint in the Federal District Court for the Northern District of California. The Complaint alleges: (1) Discrimination based on Race (42 U.S.C. §1981); (2) Discrimination Based on Gender (Title VII of the Civil Rights Act of 1964); (3) Intentional Infliction of Emotional Distress; (4) Negligent Infliction of Emotional Distress; (5) Breach of Covenant of Good Faith and Fair Dealing Retaliation; (6) Wrongful Discharge in Violation of Public Policy; (7) Retaliation; and (8) Defamation. On September 20, 2007, the parties stipulated to allow the Defendants until October 12, 2007 to file a responsive pleading.

Needless to say, Fort Bragg denies that Stanley's termination had anything to do with her gender or race, and was based on objective factors, including her performance. However, for the purpose of the instant motion, it is unnecessary to present contrasting evidence, as the facts in the Complaint are taken as true. That being the case, Stanley has failed to allege necessary facts to invoke the jurisdiction of this Court, namely, she has failed to establish that she had an employment contract with Fort Bragg Rent-All which would be subject to the requirements found in 42 U.S.C. §1981. Further, Stanley has failed to allege that she exhausted her Federal administrative remedies, to wit, filing a complaint with the Equal Employment Opportunity Commission. Since she cannot establish a violation of Federal Law (or her right to enforce a Federal law), this Court is without jurisdiction over the subject matter.

Moreover, Stanley's allegations under Title VII cannot state a claim on which relief may be granted, as she has not received a right to sue notice from the EEOC. Further, she cannot maintain an action for the breach of the implied covenant of good faith and fair dealing, in that she has

failed to allege that there was an employment contract between herself and Fort Bragg Rent-All

## II.

## SUMMARY OF LEGAL ARGUMENT

Defendants argue that Stanley's Federal Causes of Action, 42 U.S.C. §1981 and 42 U.S.C. §2000e, *et seq*. are legally deficient as pled in the Complaint. Specifically, that Stanley has not properly alleged an action under 42 U.S.C. §1981 since she has not alleged a contractual relationship between herself and Defendants. Stanley was, at all times, an "at-will" employee of defendant Fort Bragg Rent-All. Further, Stanley's action pursuant to 42 U.S.C. §2000e, *et seq*. is not properly before this Court because Stanley failed to allege that she exhausted her administrative remedies, to wit, Stanley failed to obtain a right to sue notice from the Equal Employment Opportunity Commission ("EEOC").

Since Stanley has failed to raise a Federal question, as contemplated by 21 U.S.C. §1331, this Court cannot assert pendant jurisdiction over the State law claims pursuant to 28 U.S.C. §1367. Accordingly, this Court does not have subject matter jurisdiction over this dispute, and should dismiss this case in its entirety for lack of subject matter jurisdiction, to allow Stanley to file in the Superior Court of California for the County of Mendocino. In the event this Court finds that it has subject matter jurisdiction, Defendants explicitly reserve their right to further challenge the sufficiency of State law allegations as pled in the Complaint.

## III.

## STANDARD OF REVIEW

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6): "All allegations of material fact are taken as true and construed in the light most favorable to the plaintiff." *In re Wells Fargo Sec. Litig.*, 12 F.3d 922, 925 (9th Cir. 1993), *cert. denied*, 115 S. Ct. 295,(1994). However, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *In re Verifone Sec. Litig.*, 11 F.3d 865, 868 (9th Cir. 1993).; *accord Anderson v. Clow* (*In re Stac Elecs. Sec. Litig.)*, 89 F.3d 1399, 1403 (9th Cir. 1996)

Further**,** the defense of lack of jurisdiction over the subject matter is addressed in FRCP Rule 12(b)(1), which states that "[e]very defense. . .shall be asserted in the responsive pleading. .

**Points and Authorities in Support of Motion to Dismiss**

.except that the following defenses may. . .be made by motion: (1) lack of jurisdiction over the subject matter. . . ." A Rule 12(b)(1) motion for lack of jurisdiction over the subject matter allows the court to weigh and determine conflicting facts and the burden of proof is on the plaintiff who invokes federal jurisdiction. *Stock West, Inc. v. Confederated Tribes*, 873 F2d 1221, 1225 (9th Cir. 1989).

## IV.

## LEGAL ARGUMENT

### A. SINCE THERE WAS NO CONTRACT FOR EMPLOYMENT BETWEEN DEFENDANTS AND STANLEY, THE COMPLAINT FAILS TO PROPERLY PLEAD A CLAIM UNDER 42 U.S.C. §1981 AND SHOULD BE DISMISSED PURSUANT TO FED.R.CIV.PRO. 12(B)(1) AND 12(B)(6).

Stanley's cause of action under 42 U.S.C. §1981 "fails to state a claim upon which relief can be granted." Fed.R.Civ.Pro. 12(b)(6). 42 U.S.C. §1981 provides in pertinent part, that:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory *to make and enforce contracts*... For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

42 U.S.C. §1981 (a) and (b) (emphasis added).

Stanley failed to allege the existence of an employment contract for a definite period of time, or incorporate such an allegation, within her cause of action under 42 U.S.C. §1981. *See* Complaint at 34-38. As such, under applicable California law, Stanley is an at-will employee. *See* California Labor Code §2922 ("An employment, having no specified term, may be terminated at the will of either party on notice to the other.")

Since Stanley was, at all times during her employment with Fort Bragg, an at-will employee, she cannot state a claim for relief under Section 1981. *See Johnson v. Kahi Mohala Hospital, Inc. et al.*, 1999 U.S. App. LEXIS 11256 (9th Cir. 1999) (unpublished opinion) (expressly refusing to rule whether an at-will employee may maintain an action under Section 1981). Stanley's Complaint fails to uncover an allegation that an employment contract, or any contract for that matter, was effected by racial discrimination, or that Defendants refused to enter

into a contract with Stanley based on her race. *See Imagineering, Inc. v. Kiewit Pacific Co.*, 976 F.2d 1303, 1313 (9th Cir. 1992).

While an at-will employment relationship has contractual elements, continued employment is not one of them. "It is apparent that continuous employment is not a 'benefit of the agreement' where the employment relationship is strictly at will. . .Simply stated, where the at-will employment relationship is terminated, the employee cannot complain about a deprivation of the benefits of continued employment, for the agreement never provided for a continuation of its benefits in the first instance." *Camp v. Jeffer* (1995) 35 Cal.App.4th 620 *quoting Hejmadi v. AMFAC, Inc.* (1988) 202 Cal.App.3d 525, 547. Accordingly, the termination of Stanley's employment cannot be considered an interference with contract under Section 1981, and, therefore, should be dismissed with prejudice for failure to state a claim on which relief may be granted. Here, Stanley did not allege that Defendants refused to enter into a contract with her on the basis of race, or offered to make a contract only on racially discriminatory terms.

For the sake of clarity, Defendants would like to emphasize that it does not take the position that an at-will employee may be terminated for reasons that violate public policy. Indeed, Defendants find such motives both despicable and actionable. Defendants, however, believe that a complaint of discrimination, made by an at-will employee is more properly brought under state law, and/or Title VII. These causes of action give at-will employees an avenue to redress and confront discriminatory actions taken by employers. Accordingly, this Court should dismiss Stanley's claims brought under Section 1981 as they fail to state a claim on which relief can be granted. *See* Fed.R.Civ.Pro. 12(b)(6).

**C.    STANLEY FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES AS REQUIRED UNDER 42 U.S.C. SECTION 2000E-5 AND HER COMPLAINT SHOULD BE DISMISSED PURSUANT TO FED.R.CIV.PRO. 12(B)(1) AND 12(B)(6).**

Stanley failed to satisfy the statutory precondition pursuant to 42 U.S.C. §2000e, *et seq.* of first filing a complaint with the EEOC. *See* 42 U.S.C. §2000e-5; *and Stache v. Int'l Union of Bricklayers and Allied Craftsmen, AFL-CIO*, 852 F.2d 1231, 1233 (9th Cir. 1988).

In order to litigate a Title VII claim in federal district court, a complainant must have exhausted her administrative remedies. *Brown v. General Services Administration*, 425 U.S. 820,

**Points and Authorities in Support of Motion to Dismiss**

832 (1976). She must have pursued her administrative claim with diligence and in good faith. *Vinieratos v. United States Air Force*, 939 F.2d 762, 771 (9th Cir.1991). A plaintiff may not cut short the administrative process prior to its final disposition, for upon abandonment a claimant fails to exhaust administrative relief and may not thereafter seek redress from the courts. *Purtill v. Harris*, 658 F.2d 134, 138 (3rd Cir. 1981), *cert. denied*, 462 U.S. 1131 (1983); *See Rivera v. United States Postal Service*, 830 F.2d 1037, 1039 (9th Cir. 1987) (claimant who withdrew his administrative claim prior to final disposition failed to exhaust administrative relief and claim was properly dismissed by the district court), *cert. denied*, 486 U.S. 1009 (1987).

Title VII places primary responsibility for employment discrimination cases with the EEOC. *Brown v. Puget Sound Elec. App. & Train. Trust*, 732 F.2d 726, 729 (9th Cir. 1984), *cert. denied*, 469 U.S. 1108 (1985). A private plaintiff must *first* file an EEOC complaint against the allegedly discriminatory party before bringing a Title VII suit in federal court. 42 U.S.C. §2000e-5. A plaintiff's failure to file an EEOC complaint, however, does not bar her absolutely from filing a Title VII suit; exhaustion of administrative remedies is not jurisdictional, but is merely a condition precedent to suit which a defendant may waive or be estopped from asserting. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 71 L. Ed. 2d 234, 102 S. Ct. 1127 (1982); *Boyd v. United States Postal Serv.*, 752 F.2d 410, 414 (9th Cir. 1985); Fed. R. Civ. P. 9(c).

Here, Stanley failed to allege within her Complaint that she filed a complaint with the EEOC–a defect that Defendants do not waive. Nor did Stanley allege in her Complaint that she was issued a right to sue notice under Section 2000e-5. Stanley alleges that she exhausted her administrative remedies with the DFEH. *See* Complaint at para. 6. This Court should note, however, that Plaintiff's Right-To-Sue letter from the DFEH does not satisfy the requirement to exhaust her administrative remedies with the EEOC. *See Turley v. C.U.R.A., Inc.*, 2002 U.S. Dist. LEXIS 15465 (D. Cal. 2002); *and Roman v. County of Los Angeles*, 85 Cal.App.4th 316, 102 Cal.Rptr.2d 13, 25 (Cal.App. 2 Dist., 2000).

Plaintiff's failure to exhaust her administrative remedies with respect to her Title VII claim deprives this Court of subject matter jurisdiction. *See E.E.O.C. v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994); *see also Galt v. G/S Hapag-Lloyd AG*, 60 F.3d 1370, 1373 (9th Cir. 1995).

**Points and Authorities in Support of Motion to Dismiss**

1 This defect cannot be cured since more than 30 days has elapsed since Plaintiff received her DFEH Notice of Case Closure and more than 300 days has elapsed since Defendant's alleged discrimination. *See* 42 U.S.C. §2000e-5(e)(1). Accordingly, this Court should dismiss Stanley's claims brought under Title VII as they fail to state a claim on which relief can be granted. *See* Fed.R.Civ.Pro. 12(b)(6).

**D.   SINCE STANLEY FAILED TO RAISE A FEDERAL QUESTION, THIS COURT DOES NOT HAVE JURISDICTION UNDER 28 U.S.C. §1331. ACCORDINGLY, IT CANNOT ASSERT PENDENT JURISDICTION PURSUANT TO 28 U.S.C. §1367 OVER STANLEY'S STATE LAW CLAIMS.**

28 U.S.C. Section 1367 provides, in pertinent part:

> ...[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. §1367(a).

Here, the allegations within the Complaint fail to vest original jurisdiction with this Court, and, therefore, this Court cannot assert supplemental jurisdiction over the state law claims. As discussed above, the Complaint fails to properly allege a claim under either 42 U.S.C. §1981 nor 42 U.S.C. §2000e-5; therefore, this Court does not have original jurisdiction over a Federal question pursuant to 28 U.S.C. §1331, and, therefore, cannot properly assert supplemental jurisdiction. *See Imagineering*, *supra* (holding that if the federal claims are dismissed before trial the state claims should be dismissed as well); *and Rifkin v. Bear Stearns & Co.*, 248 F.3d 628, (7th Cir. 2001) (holding where district court has no original jurisdiction over federal claim it has no power to assume supplemental jurisdiction of state law claim).

Accordingly, since there are no Federal questions to adjudicate, this Court should refuse to exercise its supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) and dismiss the balance of the Complaint to allow Stanley to file her action in the California Superior Court for the County of Mendocino.

///

///

**Points and Authorities in Support of Motion to Dismiss**

1  **E.   AS AN AT-WILL EMPLOYEE, STANLEY CANNOT MAINTAIN AN ACTION FOR THE BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING.**

California law recognizes an implied covenant of good faith and fair dealing in every contract. However, breach of the covenant does not necessarily give rise to a cause of action *Quigley v. Pet, Inc.* (1984) 162 Cal.App.3d 877, 889-890. The covenant is to the effect that neither party to the contract will do anything deliberately to deprive the other of the benefits of the agreement. *Pasadena Live, LLC v. City of Pasadena* (2004) 114 Cal.App.4th 1089, 1092-1094. However, there are limitations to the breadth of this doctrine. The implied covenant of good faith and fair dealing is limited to assuring compliance with the express terms of the contract and cannot be extended to create obligations not contemplated in the contract. *Racine & Laramie, Ltd. v. Department of Parks & Recreation* (1992) 11 Cal.App.4th 1026, 1032. Moreover, the implied covenant of good faith and fair dealing cannot be used to vary the express terms of a contract. *Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc.* (1992) 2 Cal.4th 342, 374.

With regard to an at-will employment relationship, breach of the implied covenant cannot logically be based on a claim that a discharge was made without good cause. If such an interpretation applied, then all at-will contracts would be transmuted into contracts requiring good cause for termination, and California Labor Code section 2922 would be eviscerated. An at-will employee can be terminated from employment at any time without cause, for any or no reason, and subject to no procedure except the statutory requirement of notice. (Lab. Code, §2922; *Guz v. Bechtel National, Inc.,* 24 Cal.4th 317, 335; *Foley v. Interactive Data Corp.* (1988) 47 Cal.3d 654, 680 [254 Cal. Rptr. 211, 765 P.2d 373]; *Trop v. Sony Pictures Entertainment, Inc.*, 129 Cal.App.4th 1133 (Cal. Ct. App. 2005). Since the implied covenant protects only the parties' right to receive the benefit of their agreement, and, in an at-will relationship there is no agreement to terminate only for good cause, the implied covenant standing alone cannot be read to impose such a duty. *See Guz, supra,* 24 Cal.4th at pp. 352-353 (Cal. 2000); *see also Wagenseller v. Scottsdale Memorial Hosp.*, 147 Ariz. 370, 386 (Ariz. 1985) (holding that the covenant does not create a duty for the employer to terminate the employee only for good cause).

Here, Stanley failed to allege any contract existed between herself and any of the

Defendants and, therefore, has failed to allege a violation of the covenant of good faith and fair dealing. Accordingly, this Court should dismiss this cause of action for failure to state a claim.

## IV.

## **CONCLUSION**

Based on the foregoing, Defendants requests that this Court dismiss the First, Second and Fifth Causes of Action and, further, the entire suit on the grounds that the Plaintiff has failed to establish that this Court has subject matter jurisdiction.

DATED: October 12, 2007

GAW, VAN MALE, SMITH, MYERS & MIROGLIO

By  /s/ Teresa A. Cunningham
TERESA A. CUNNINGHAM
Attorneys for Defendants, FORT BRAGG RENT-ALL, INC., HOLLY D. KUCHAR, SCOTT W. DABEL and MARY DABEL

**Points and Authorities in Support of Motion to Dismiss**